# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

FRANK M. NEFF : 

    Petitioner :

v :     Civil Action No. RDB-10-418

STATE OF MARYLAND :

    Respondent :

oOo

## MEMORANDUM OPINION

The above-captioned Petition for Writ of Habeas Corpus was filed on February 22, 2010, and challenges Petitioner's 2006 conviction in the Circuit Court for Talbot County. Paper No. 1. Respondent filed an answer stating the Petition is subject to dismissal because it is time-barred. Paper No. 4. Petitioner was provided with notice that if the Petition were deemed time-barred, it would be subject to dismissal and he was provided with an opportunity to file a reply stating how he might be entitled to equitable tolling of the filing deadline. Paper No. 7. Petitioner instead has provided information concerning his mental status and the medications he currently takes, as well as correspondence which does not address the timeliness issue. Papers No. 5 and 6. For the reasons below the Petition SHALL BE DISMISSED as untimely.

### Background

On September 26, 2006, Petitioner pled guilty to one count of sexual offense in the second degree and on November 28, 2006, was sentenced to serve 20 years. Paper No. 4 at Ex. 1, p. 9. Petitioner did not file an application for leave to appeal; therefore, his conviction became final on December 28, 2006, when the time for filing an application expired. *See* Md. Rule 8-204.

On or about August 2, 2007, Petitioner filed a "Motion for Case Review" in the Court of

Appeals, which was denied on September 14, 2007. Paper No. 4 at Ex. 2. On May 23, 2008, Petitioner filed a petition for post-conviction relief in the Circuit Court for Talbot County. *Id.* at Ex. 1. A hearing was held on November 21, 2008, and on December 22, 2008, the court granted Petitioner the right to file an application for review of sentence but otherwise denied relief. Petitioner did not seek appellate review of the post-conviction court's denial of relief, making that decision final on January 21, 2009. On January 25, 2010, Petitioner filed a motion to reopen post-conviction proceedings so the court could re-issue its decision granting the right to file an application for review of sentence. Paper No. 4 at Ex. 1, pp. 10-11 and Ex 3. The motion remains pending.

**Standard of Review**

A one-year statute of limitations applies to habeas petitions in non-capital cases for a person convicted in a state court. *See* 28 U.S.C. § 2244(d).[1] This one-year period is, however,

---

[1] This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States ir removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or

tolled while properly filed post-conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. §2244(d)(2); *Harris v. Hutchinson*, 209 F. 3d 325, 328 (4th Cir. 2000).

**Analysis**

For purposes of federal habeas corpus review, Petitioner had until December 27, 2007, to file a timely petition. Assuming, for purposes of this review, that Petitioner's Motion for Case Review filed on August 2, 2007, tolled the limitations period until it was denied on September 14, 2007, the adjusted filing deadline would be February 8, 2008.[2] Thus, by the time Petitioner sought post-conviction relief on May 23, 2008, the one-year limitations period already had expired.

Assuming that Petitioner is attempting to assert his mental and physical health as reasons for applying equitable tolling in this case, he has failed to alleged facts sufficient to warrant it. To be entitled to equitable tolling a petitioner must show: "(1) that he has been purusing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, __ U.S.__, 2010 WL 2346549, 12 (2010), *citing Pace v. DiGulielmo*, 544 U.S. 408, 418 (2005). The allegations of error raised by Petitioner were known to him at the time the guilty plea was entered. He claims the evidence was insufficient and he should not have been charged. The mental impairments noted, bipolar affective disorder, mental retardation NOS,[3] and seizure disorder, for which Petitioner receives medication, alone, do not constitute an extraordinary circumstances warranting equitable tolling.

Petitioner filed his federal habeas petition beyond the deadline and he is not entitled to statutory or equitable tolling. The instant petition is barred by the statute of limitations and must

---

claim is pending shall not be counted toward any period of limitation under this subsection.

2 The period of time tolled, 43 days, is added to the one-year filing deadline to arrive at a new filing date deadline.

3 "Not Otherwise Specified."

be dismissed by separate Order which follows.

July 26, 2010
Date

_____
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE